On May 28, 2004, we remanded this case with instructions that the trial court amend its sentencing order to comply with the requirements of § 13A-5-47(d), Ala. Code 1975, and to correct several errors. On remand, the trial court complied with our instructions. We now address the remaining issue the appellant raises and the propriety of his conviction and sentence of death.
 I.
The appellant argues that the trial court did not consider all nonstatutory mitigating *Page 1003 
evidence before it sentenced him to death. Specifically, he contends that the trial court did not consider his alleged intoxication at the time of the offense and Spencer Sims' request that he be sentenced to imprisonment for life without the possibility of parole. Because he did not first present this argument to the trial court, we review it for plain error. See
Rule 45A, Ala. R.App. P.
"`While Lockett and its progeny require consideration of all evidence submitted as mitigation, whether the evidence is actually found to be mitigating is in the discretion of the sentencing authority.' Bankhead v. State, 585 So.2d 97, 108
(Ala.Cr.App. 1989)." Ex parte Slaton, 680 So.2d 909, 924 (Ala. 1996). Although the trial court must consider all mitigating circumstances, it has discretion in determining whether a particular mitigating circumstance is proven and the weight it will give that circumstance. See Williams v. State,710 So.2d 1276 (Ala.Crim.App. 1996), aff'd, 710 So.2d 1350 (Ala. 1997). In this case, the trial court considered as a non-statutory mitigating circumstance testimony that the appellant had been involved with drugs and alcohol since he was about the age of 16. It also noted that George Jackson testified that he and the appellant "drank a couple of beers and smoked a joint" before the murders occurred. (Remand Record 6.) Finally, the trial court indicated that it had considered the fact that Sims requested that the appellant be sentenced to imprisonment for life without the possibility of parole rather than death. The trial court complied with Lockett v. Ohio, 438 U.S. 586, 98 S.Ct. 2954,57 L.Ed.2d 973 (1978), and its progeny in considering the evidence of intoxication and Sims' request regarding sentencing. Therefore, we do not find that there was any error, much less plain error, in this regard.
 II.
Pursuant to § 13A-5-53, Ala. Code 1975, we are required to address the propriety of the appellant's conviction and sentence of death. The appellant was indicted for and convicted of capital murder because he committed the murders by one act or pursuant to one scheme or course of conduct. See § 13A-5-40(a)(10), Ala. Code 1975.
The record does not reflect that the sentence of death was imposed as the result of the influence of passion, prejudice, or any other arbitrary factor. See § 13A-5-53(b)(1), Ala. Code 1975.
The trial court found that the aggravating circumstances outweighed the mitigating circumstances. It found that the State proved three aggravating circumstances — 1) the appellant committed the capital offense while he was under a sentence of imprisonment, see § 13A-5-49(1), Ala. Code 1975; 2) the appellant committed the capital offense after having previously been convicted of another capital offense or a felony involving the use of violence to the person, see § 13A-5-49(2), Ala. Code 1975; and 3) the appellant intentionally caused the death of two or more people by one act or pursuant to one scheme or course of conduct, see § 13A-5-49(9), Ala. Code 1975. The trial court did not find that any statutory mitigating circumstances existed. It also made the following findings as to nonstatutory mitigating circumstances:
 "The Defendant, during the sentencing phase before the Jury, offered the testimony of the Defendant's mother, Carolyn Daniel, who testified that the Defendant left home when he was 18 years of age. The Defendant had attention deficit disorder and was diagnosed with dyslexia, a learning disability, during elementary school. The learning *Page 1004 
disability forced him to drop out of school in the tenth grade. The Defendant's father died in 1978 and she remarried and the stepfather physically abused the Defendant, causing the loss of a kidney. The Department of Human Resources removed the Defendant when he was 12 years and placed him in foster care for a year. When the Defendant was 16 years old he began the use of alcohol and drugs. She addressed the jury expressing sympathy to the families of the victims and her opinion as to her son's innocence.
 "This was the only witness called by the Defense in the punishment phase before the jury.
 "During the sentencing hearing before the Court, after the punishment phase before the jury, the State called Spencer Sims, the father of Loretta McCulloch, one of the victims, who asked the Court to sentence the Defendant to life without the possibility of parole as opposed to death.
 "Carolyn Daniel, the mother of the Defendant, was called and she apologized to the victims' families and asked the Court to have mercy on her son.
 "Tammy Daniel, the sister of the Defendant was called, who apologized to the victims' families and requested the Court to show mercy to her brother.
 "This Court has considered the above non-statutory mitigating circumstances pursuant to § 13A-5-52."
(Remand Record 14-15.) The sentencing order shows that the trial court weighed the aggravating and mitigating circumstances and correctly sentenced the appellant to death. The record supports its decision, and we agree with its findings.
Section 13A-5-53(b)(2), Ala. Code 1975, requires us to weigh the aggravating and mitigating circumstances independently to determine the propriety of the appellant's sentence of death. After independently weighing the aggravating and mitigating circumstances, we find that the death sentence is appropriate.
As required by § 13A-5-53(b)(3), Ala. Code 1975, we must determine whether the appellant's sentence was disproportionate or excessive when compared to the penalty imposed in similar cases. The appellant killed two people pursuant to one scheme or course of conduct. Similar crimes are being punished by death throughout this state. See Holladay v. State, 549 So.2d 122
(Ala.Crim.App. 1988), aff'd, 549 So.2d 135 (Ala. 1989); Siebertv. State, 555 So.2d 772 (Ala.Crim.App.), aff'd, 555 So.2d 780
(Ala. 1989); Peoples v. State, 510 So.2d 554 (Ala.Crim.App. 1986), aff'd, 510 So.2d 574 (Ala. 1987). Therefore, we find that the sentence was neither disproportionate nor excessive.
Finally, we have searched the entire record for any error that may have adversely affected the appellant's substantial rights, and we have not found any. See Rule 45A, Ala. R.App. P.
Accordingly, we affirm the appellant's conviction and sentence.
AFFIRMED.
McMILLAN, P.J., and SHAW and WISE, JJ., concur; COBB, J., concurs in the result.
 *Page 1